DECISION
{¶ 1} Defendant-appellant, Jennifer T. Conway (hereinafter "appellant"), appeals from the judgment of the Franklin County Court of Common Pleas denying her motion to modify the restitution order. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On March 10, 2003, appellant was found guilty of receiving stolen property, a felony of the forth degree, in violation of R.C. 2913.51. Specifically, appellant was convicted of receiving, and keeping in her garage, over 40,000 pounds of microwave popcorn, worth approximately $50,000. Appellant was sentenced on May 9, 2003. She was placed on community control for a period of five years, and ordered to pay restitution in the amount of $27,840, in monthly installments of $464.
 {¶ 3} On May 19, 2003, appellant filed a motion to modify the restitution order and sought a hearing on her ability to pay. Prior to the hearing, appellant failed to make any payments as ordered. The state filed a motion to revoke appellant's community control status. The trial court conducted a hearing on the motion to revoke on August 22, 2003. At the hearing, defense counsel presented evidence that appellant could not pay restitution because she was unemployed and had no present source of income. The trial court denied appellant's motion to modify on October 9, 2003. Appellant filed the present appeal.
 {¶ 4} Appellant asserts the following sole assignment of error:
The trial court erred in denying Appellant's motion to modify the restitution order imposed in the present case.
 {¶ 5} Appellant argues the trial court erred by failing to take into account: (1) that appellant was indigent, and as such the court cannot impose restitution until it can be established appellant can pay the amount; and (2) appellant's present and future ability to pay the restitution as required by R.C.2929.19(B)(6).
 {¶ 6} Appellant first argues that as an indigent defendant the trial court cannot impose restitution until it is established the defendant can pay the ordered amount. Upon consideration, we disagree. To the contrary, Ohio courts have expressly held the fact a defendant is indigent does not prohibit the imposition of financial sanctions, including restitution. See State v.Cooper, Lake App. No. 2002-L-091, 2004-Ohio-529, at ¶ 16; Statev. Moore, Butler App. No. CA2002-12-307, 2003-Ohio-6255, at ¶ 37; State v. Coleman, Cuyahoga App. No. 82394, 2004-Ohio-234, at ¶ 35. Thus, the fact appellant is indigent is not a bar to the imposition of financial sanctions.
 {¶ 7} Turning to appellant's second argument, prior to imposing restitution, a trial court "shall consider the offender's present and future ability to pay the amount of the sanction or fine." R.C. 2929.19(B)(6). When determining a defendant's present and future ability to pay, there are no express factors which must be considered, or specific findings which must be made. State v. Finkes (March 28, 2002), Franklin App. No. 01AP-310. Further, while a trial court may hold a hearing to determine if the defendant is able to pay the sanction, a hearing is not required by statute. Nonetheless, there merely must be some evidence in the record the trial court considered defendant's present and future ability to pay the sanction. State v. Fuller, Lucas App. No. L-02-1387, 2004-Ohio-2675, at ¶ 8.
 {¶ 8} A review of the record indicates the trial court complied with the statutory requirements. In the present matter, the evidence demonstrates the trial court considered appellant's present and future ability to pay the restitution order. First, appellant was only ordered to pay restitution in the amount of $27,840. This is substantially less than the estimated value, $50,000, for the destroyed popcorn. See State v. Northam
(September 30, 1999), Franklin App. No. 98AP-1592. (The fact that the fine imposed by the trial court was not greater than what was allowed, but only what was appropriate, demonstrates the trial court considered defendant's ability to pay.)
 {¶ 9} Second, at the revocation hearing, defense counsel presented testimony and evidence as to appellant's ability to pay the restitution order. The court heard testimony as to her current employment status, as well as her future prospects of employment. There was also testimony concerning her current financial status, including her mortgage, her ability to find transportation to work, and her current outstanding liabilities.[1] See State v. Caudill, II, Ashland App. No. 03-COA-031, 2004-Ohio-2803 (finding the requirements of R.C.2929.19(B)(6) are satisfied when the trial court takes into account appellant's work history, assets, and the fact appellant had been found indigent for purposes of representation).
 {¶ 10} Third, when sentencing appellant, the trial court considered and relied upon a pre-sentence investigation report (hereinafter "PSI"). When a trial court considers a PSI, compliance with R.C. 2929.19(B)(6) is presumed. See Moore,
supra (holding compliance with the requirements of R.C.2929.19(B)(6) can be shown when a trial court considers a PSI).
 {¶ 11} Finally, after all testimony was presented, the trial judge inquired as to her impediments to gaining employment. The trial court proceeded to tell appellant a parable to illustrate different ways she could pay the restitution. Moreover, the trial court attempted to give appellant guidance on how to manage payment of the restitution, likening it to a car payment plan.
 {¶ 12} Accordingly, as the record clearly reflects the trial court considered appellant's present and future ability to pay the restitution order, and because a PSI report concerning appellant's finances was considered during the original sentencing, we conclude the requirements of R.C. 2929.19(B)(6) were met.
 {¶ 13} Accordingly, appellant's sole assignment of error is not well-taken and is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Petree and Klatt, JJ., concur.
[1] Specifically, the court heard testimony appellant still owed $3,000 on her car which had been repossessed, she owed $1,000 to the phone company, and she owed $5,600 on an electric bill, and approximately the same on a gas bill.