DECISION AND JUDGMENT ENTRY
{¶ 1} Tyler R. Vickroy appeals the sentence imposed upon him by the Hocking County Common Pleas Court. Vickroy contends that the trial court erred in sentencing him to a term that makes him ineligible for judicial release, when the court mentioned judicial release at the conclusion of his sentencing hearing and exhibited its erroneous belief that Vickroy was eligible for judicial release. Because Vickroy did not rely on this erroneous statement before he entered his plea, see e.g., State v.Hamilton, Hocking App. No. 05CA4, 2005-Ohio-5450, at ¶ 18, and because we cannot clearly and convincingly find that the trial court failed to consider the statutory guidelines or that Vickroy's sentence is otherwise contrary to law, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} In the events leading up to his arrest, Vickroy called law enforcement and reported a prowler in order to draw sheriff's deputies to a residential area. He then lay in wait for the deputies. He was under the influence of drugs and alcohol at the time.
 {¶ 3} When the deputies arrived and announced themselves, Vickroy aimed a loaded shotgun at the first deputy and attempted to fire. The weapon jammed and failed to fire. Vickroy ejected the first slug, reloaded, and turned his weapon on the second deputy. He ignored a command to drop the weapon, and attempted to fire the weapon at the second deputy. Luckily, the weapon again failed to fire.
 {¶ 4} On January 24, 2006, Vickroy entered a plea of no contest to two counts of attempted murder with a gun specification. The state dropped several remaining counts of an indictment against Vickroy in exchange for his plea. Neither the parties nor the trial court mentioned judicial release at this plea hearing.
 {¶ 5} On March 1, 2006, the trial court held a lengthy sentencing hearing. Several witnesses testified on behalf of Vickroy and the state, and the court heard argument from counsel and a statement from Vickroy. The court noted that the sentencing range for each attempted murder count is three to ten years, and that the gun specification carries a mandatory three year sentence.
 {¶ 6} The court sentenced Vickroy to three years on the gun specification. Before pronouncing its sentence on the attempted murder charges, the court informed Vickroy that his attorney and witnesses had "probably saved [him] some considerable time in prison" by bringing his good qualities to light. The court noted that Vickroy showed genuine remorse for his actions, that he had completed a drug treatment program through a municipal court order, and that he had demonstrated a willingness to work.
 {¶ 7} However, the court also noted that Vickroy could have destroyed two families with his actions, that he has a long history of chronic drug and alcohol abuse, and that he was under the influence of drugs and alcohol at the time of the offense. Additionally, the court discounted the theory Vickroy's sentencing hearing witnesses advanced, in which they suggested that Vickroy never intended to harm the deputies, but instead was consciously or unconsciously trying to commit suicide with his actions. The court noted that the evidence showed that Vickroy is knowledgeable about guns, and concluded that Vickroy could have unloaded the weapon if he truly had no intent to harm the deputies.
 {¶ 8} Weighing these factors, the court determined that it was appropriate to give Vickroy a "midrange sentence." The court sentenced Vickroy to seven years on each attempted murder count. It then ordered him to serve the seven year sentences consecutive to one another and consecutive to the three year sentence on the gun specification. The court noted that this gave Vickroy an aggregate sentence of seventeen years.
 {¶ 9} After announcing Vickroy's sentence, the court stated the following: "I hope you don't have to serve the entire period. * * * I would have the power to judicially release you or another judge that takes my place, but we have to see that you have redeeming features that would promise that you aren't going to do anything like this again. So to protect society and because of the nature of the offense, you have an extremely long sentence. But it's my hope that you will rehabilitate to the point that you can be released earlier."
 {¶ 10} On March 2, 2006, the trial court journalized its judgment entry sentencing Vickroy to consecutive terms as announced at the hearing. The court indicated that it considered the record, the victims' statements, the principles and purposes of sentencing outlined in R.C. 2929.11, and the seriousness and recidivism factors outlined in R.C. 2929.12. The judgment entry contains no mention of judicial release.
 {¶ 11} On March 3, 2006, Vickroy filed a motion to modify his sentence, arguing that the court erred in sentencing him because his aggregate sentence of more than ten years makes him ineligible for judicial release. The court denied his motion on March 6, 2006. Vickroy then filed a motion to withdraw his plea pursuant to Crim.R. 32.1. Vickroy did not make any argument regarding his eligibility for judicial release in his motion to withdraw his plea. The court denied his motion.
 {¶ 12} Vickroy appeals, asserting the following assignment of error: "The trial court erred in sentencing defendant."
 II. {¶ 13} In his only assignment of error, Vickroy contends that the trial court erred when it imposed a term of incarceration that exceeds ten years. Specifically, Vickroy contends that because the trial court erroneously informed him that he was eligible for judicial release, the court erred in sentencing him.[1] He does not contend that he relied upon the court's intention or ability to consider judicial release when he entered his guilty plea. We agree that the trial court erroneously informed Vickroy at the conclusion of his sentencing hearing, i.e. after it pronounced sentence, that he would be eligible for judicial release. See R.C. 2929.20. But, Vickroy does not cite any authority for his argument that this error entitles him to re-sentencing.
 {¶ 14} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio held that the portions of Ohio's statutory sentencing scheme that required sentencing courts to make factual findings or give its reasons for imposing maximum, consecutive, or more than minimum sentences are unconstitutional. Id. at paragraphs 1-6 of the syllabus. The Court severed those portions of the sentencing statutes, and retained the portions of the sentencing statutes that do not violate the constitution. Id. at ¶ 96. "Trial courts have full discretion to impose a prison sentence within the statutory range, and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 15} While the Foster Court declared that a sentencing court possesses full discretion in sentencing an offender, the Court abrogated R.C. 2953.08(G), which defines the appellate court's role in sentencing, only "insofar as it applies to the severed sections" of Ohio's statutory sentencing scheme. Foster
at ¶ 97-99. Thus, even after Foster, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds * * * [t]hat the sentence is otherwise contrary to law." R.C.2953.08(G); see, also, State v. Rhodes, Butler App. No. CA2005-10-426, 2006-Ohio-2401.
 {¶ 16} Under this statutory standard, we neither substitute our judgment for that of the trial court nor simply defer to its discretion. State v. Mustard, Pike App. No. 04CA724,2004-Ohio-4917, at ¶ 19, citing State v. Keerps, Washington App. No. 02CA2, 2002-Ohio-4806; State v. Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11. Rather, we look to the record to determine whether the sentencing court considered and properly applied the statutory guidelines and whether the sentence is otherwise contrary to law. See State v. Parrish, Montgomery App. No. 21206, 2006-Ohio-4161, at ¶ 62.
 {¶ 17} In sentencing a felony offender, the sentencing court must consider the general guidance factors contained in R.C.2929.11 and R.C. 2929.12. Foster at ¶ 42. The court must impose a sentence that is reasonably calculated to achieve the two overriding purposes of felony sentencing, i.e., protecting the public from future crime by the offender and others and punishing the offender. R.C. 2929.11(A). It is within the court's discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. R.C. 2929.12(A). However, the court must consider the factors set forth in R.C. 2929.12(B) and (C) relating to the seriousness of the offender's conduct, and those set forth in R.C. 2929.12(D) and (E) relating to the likelihood of the offender's recidivism. R.C. 2929.12(A). Additionally, the court may consider any other factor that it deems relevant to achieving the principles and purposes of sentencing. Id.
 {¶ 18} Our review of the record indicates that the trial court considered the statutory guidelines as required by R.C.2929.11 and 2929.12 when it sentenced Vickroy. The court indicated that it considered the principles and purposes of sentencing both at the hearing and in its sentencing entry. With regard to the seriousness of Vickroy's offense, the court noted at the hearing that Vickroy could have destroyed two families with his actions. With regard to recidivism factors, the court noted that Vickroy was under the influence of drugs and alcohol at the time of his offense and that he has a history of substance abuse. With regard to the principles and purposes of sentencing, the court noted that it geared its sentence toward protecting society.
 {¶ 19} As to other factors that the court deemed relevant, the sentencing hearing witnesses who suggested that Vickroy never intended to harm the deputies, but instead was consciously or unconsciously trying to commit suicide with his actions did not persuade the court. The court noted that Vickroy is knowledgeable about guns and could have unloaded the weapon if he had not intended to harm the deputies.
 {¶ 20} The record indicates that Vickroy did not rely upon the court's erroneous statement before he entered his no contest plea. See Hamilton, supra. The record further shows that the court did not consider judicial release as a factor in sentencing Vickroy. The court listed the seriousness and recidivism factors, as well as its impression of Vickroy's suicide theory, before sentencing Vickroy. It did not mention judicial release until after it announced his sentence. The court explicitly stated in its written judgment entry that it considered the principles and purposes of sentencing and the seriousness and recidivism factors. The court did not mention judicial release in its written entry. Additionally, the court declined to address judicial release when it ruled upon Vickroy's motion to modify his sentence.[2]
 {¶ 21} Based upon these factors, we cannot clearly and convincingly find that the trial court failed to consider the statutory guidelines or that Vickroy's sentence is otherwise contrary to law. Accordingly, we overrule Vickroy's sole assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and McFarland, J.: Concur in Judgment and Opinion.
[1] In its brief to this court, the state engages in a thorough analysis regarding why the court's erroneous statement regarding judicial release does not entitle Vickroy to withdraw his guilty plea. Because Vickroy does not argue that he is entitled to withdraw his guilty plea, we do not address the state's argument.
[2] It is not clear from the record that the court considered his motion on the merits or had jurisdiction to do so. A trial court has jurisdiction to modify its sentence before execution of the sentence commences, but loses such authority, except in limited circumstances, once the defendant is delivered from the temporary detention of the judicial branch to the penal institution of the executive branch. State v. Evans,161 Ohio App.3d 24, 2005-Ohio-2337; Columbus v. Messer (1982),7 Ohio App.3d 266, 268. Here, the record indicates that Vickroy was transferred to the custody of the Ohio Department of Rehabilitation and Correction on March 3, 2006, the same day that he filed his motion to modify his plea.