OPINION
{¶ 1} Defendant-appellant Richard King appeals his sentence entered pursuant to a remand from this Court for re-sentencing in the Muskingum County Court of Common Pleas on one count of pandering obscenity involving a minor, a felony of the second degree, and sixty counts of pandering obscenity involving a minor, a felony of the fourth degree.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} Appellant was indicted on one count of pandering obscenity involving a minor, a felony of the second degree, in violation of Ohio Revised Code 2907.321(A)(1) and sixty-one counts of pandering obscenity involving a minor, a felony of the third degree, in violation of Ohio Revised Code Section 2907.321(A)(5). Appellant pled not guilty to all counts contained in the indictment. On January 24, 2005, the state filed a motion to amend the indictment. The trial court granted the motion and amended counts two through sixty-two of the indictment to felonies of the fourth degree.
 {¶ 4} At trial in this matter, Detective John Chapman of the Clinton County Sheriff's office testified, while working undercover online, an individual under the screen name BigD2000 contacted him via instant messenger and sent him a sexually explicit photograph of a juvenile. Detective Chapman testified as to the list of email addresses which originated with an email from the screen name Daddy2youngun. He further testified, it was determined the screen name for Daddy2youngun was an account under the name of Ashley Lancaster, 1841 Ridge Avenue, Zanesville, Ohio, appellant's wife.
 {¶ 5} Detective Randy Richason of the Zanesville Police Department testified he obtained a search warrant and seized the computer, some floppy disks and CDs from the residence
 {¶ 6} Special Agent William Brown, of the Social Security Administration, testified he found explicit images of juveniles on the computer's hard drive, floppy discs and CDs near the computer in the residence.
 {¶ 7} Further, Police Officer Larry Brockelhurst, testified concerning appellant's prior conviction in 1997 for illegal use of a minor in nudity oriented material and pandering sexually oriented material involving a minor. Appellant objected to the testimony. The objection was overruled, and the trial court gave a limiting instruction to the jury
 {¶ 8} Following the conclusion of evidence, the jury found appellant guilty on sixty-one counts of the indictment, as noted supra.
 {¶ 9} On February 28, 2005, the trial court conducted a classification hearing finding appellant a sexual predator and a habitual sex offender. The trial court sentenced appellant to prison, including maximum and consecutive sentences.
 {¶ 10} Appellant timely appealed his conviction, sexual predator classification and sentence.
 {¶ 11} By Judgment Entry and Opinion dated January 19, 2006, this Court affirmed the trial court's actions as to the errors raised in assignments I, II and III but remanded with instructions as to assignment of error IV which alleged error in sentencing.
 {¶ 12} Subsequent to this Court's ruling, but prior to Appellant's re-sentencing hearing, the Ohio Supreme Court came down with its ruling in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 13} On March 6, 2006, the trial court re-sentenced Appellant to an aggregate term of thirty-six (36) and one-half years in prison in conformance with Foster, supra.
 {¶ 14} Appellant now appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 15} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND VIOLATED APPELLANT'S RIGHTS TO DUE PROCESS OF LAW UNDER THE FIFTH ANDFOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND HIS RIGHT TO DUE COURSE OF LAW UNDER ARTICLE I. § 16 OF THE OHIO CONSTITUTION WHEN IT SENTENCED HIM CONTRARY TO THE OHIO REVISED CODE § 2929.11(B) WHICH REQUIRES THAT THE SENTENCE IMPOSED FOR A FELONY BE "CONSISTENT WITH SENTENCES IMPOSED FOR SIMILAR CRIMES BY SIMILAR OFFENDERS."
 I {¶ 16} In Appellant's sole assignment of error, he argues that his sentence was inconsistent when compared to similar offenders. We disagree.
 {¶ 17} In support of his argument, Appellant presents a list of cases in which defendants facing somewhat similar charges received different sentences.
 {¶ 18} In State v. Kingrey, Delaware App. 04CAA04029, 2004-Ohio-4605, this Court analyzed the proportionality and consistency arguments concerning Ohio's sentencing statutes:
 {¶ 19} "When reviewing a sentence imposed by the trial court, the applicable record to be examined by the appellate court includes the following: (1) the presentence investigation report; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. § 2953.08(F)(1) through (3). The sentence imposed, by the trial court, should be consistent with the overriding purposes of felony sentencing: `to protect the public from future crime by the offender' and `to punish the offender."
 {¶ 20} R.C. § 2929.11(B) reads as follows:
 {¶ 21} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 22} The court in State v. Ryan, Hamilton App. No. C-020283, 2003-Ohio-1188, applied principles set forth in an article by Judge Burt Griffin and Professor Lewis Katz clarifying for appellate courts the basic principles for achieving the overriding purpose of felony sentencing as: (1) reasonableness, (2) proportionality, and (3) consistency. Id., citing Griffin and Katz, Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan (2002), 53 Case W.R.L.Rev. 1, 12. See also, State v. Georgakopoulos, 8th Dist. No. 81934, 2003-Ohio-4341 at ¶ 18.
 {¶ 23} "In applying those principles, the court, citing Griffin and Katz, stated that `[t]he Ohio plan attempts to assure proportionality in felony sentencing through consistency. R.C. § 2929.11(B). Consistency, however, does not necessarily mean uniformity. Instead, consistency aims at similar sentences. Accordingly, consistency accepts divergence within a range of sentences and takes into consideration a trial court's discretion to weigh relevant statutory factors. The task of an appellate court is to examine the available data, not to determine if the trial court has imposed a sentence that is in lockstep with others, but to determine whether the sentence is so unusual as to be outside the mainstream of local judicial practice. Although offenses may be similar, distinguishing factors may justify dissimilar sentences.' Ryan,supra at ¶ 10, (internal citations omitted).
 {¶ 24} Further, the analysis noted: "An obstacle to appellate review for consistency of individual sentences under the Ohio plan is the current lack of acceptable sentencing data and records from which to determine the mainstream sentencing range for specific offenses. Absent such data, however, appellate courts can still compare similar cases for consistency in sentencing." Id. State v. Georgakopoulos, supra, at ¶ 19.
 {¶ 25} "Simply pointing out an individual or series of cases with different results will not necessarily establish a record of inconsistency. State v. Gorgakopoulos, supra, at ¶ 23. The Ninth District Court of Appeals has stated: `[i]t is not the trial court's responsibility to research prior sentences from undefined, and largely unavailable, databases before reaching its sentencing decision. The legislature did not intend to place such a burden on the trial court when it enacted 2929.11(B). The legislature's purpose for inserting the consistency language contained in R.C. 2929.11(B) is to make consistency rather than uniformity the aim of the sentencing structure. See Griffin and Katz, Ohio Felony Sentencing Law (2001), 59. Uniformity is produced by a sentencing grid, where all persons convicted of the same offense with the same number of prior convictions receive identical sentences, Id. Consistency, on the other hand, requires a trial court to weigh the same factors for each defendant, which will ultimately result in an outcome that is rational and predictable. Under this meaning of "consistency," two defendants convicted of the same offense with a similar or identical history of recidivism could properly be sentenced to different terms of imprisonment. Consequently, an Appellant cannot establish, either at trial or on appeal, that his sentence is contrary to law because of inconsistency by providing the appropriate court with evidence of other cases that show similarly situated offenders have received different sentences than did he. Thus, the only way for Appellant to demonstrate that his sentence was "inconsistent," that is, contrary to law within the meaning of R.C. § 2929.11(B), is if he establishes that the trial court failed to properly consider the factors and guidelines contained in R.C. § 2929.12, R.C. § 2929.13 and R.C. § 2929.14. These sections, along with R.C. § 2929.11, create consistency in sentencing." State v. Quine, Summit App. No. 20968, 2002-Ohio-6987 at ¶ 12-13.
 {¶ 26} As stated above, our role as an appellate court evaluating a sentence challenged for consistency is to determine "whether the sentence is so unusual as to be outside the mainstream of local judicial practice." Id. We decline "to compare a particular defendant's sentences with similar crimes in this or other jurisdictions unless there is an inference of gross disproportionality." State v. Vlahopoulos, Cuyahoga App. No. 80427, 2002-Ohio-3244.
 {¶ 27} Our review of the record indicates that the trial court did not fail to consider the purposes and principles of R.C. § 2929.11 et seq., even though it imposed maximum sentences to be served consecutively. Appellant cannot show that his sentence is inconsistent with sentences imposed upon other criminals that committed similar crimes merely by presenting cases in which similar crimes received different sentences. Instead, our review centers around the particular facts and circumstances of the case to determine whether the trial court considered the proper factors and imposed a sentence that is not grossly inconsistent with those received by substantially similar offenders. Appellant's sentence passes that test.
 {¶ 28} Accordingly, we overrule Appellant's sole assignment of error. Appellant's sentence entered in the Muskingum County Court of Common Pleas is affirmed.
Boggins, J. Hoffman, P.J. and Farmer, J. concurs
 JUDGMENT ENTRY
For the reasons set forth in our accompanying Opinion, appellant's sentence entered in the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant.