OPINION
{¶ 1} Appellant, William J. Moore ("appellant"), filed this appeal seeking reversal of a judgment by the Franklin County Court of Common Pleas sentencing appellant to two consecutive five-year terms of incarceration. For the reasons that follow, we affirm the trial court's decision.
 {¶ 2} Appellant's granddaughter had informed her parents that, while she was sleeping at appellant's house, appellant touched her on her private parts, under her *Page 2 
underwear. During the ensuing investigation, appellant initially stated that if he did touch his granddaughter inappropriately, it was an accident. Subsequently, appellant told detectives he had touched his granddaughter, but stated that she was "sending him mixed signals" and "flirted" with him. Initially, appellant was indicted by the grand jury on three counts of gross sexual imposition in violation of R.C. 2907.05, each a third-degree felony.
 {¶ 3} Ultimately, appellant entered into a plea agreement whereby he agreed to plead guilty to two of the three counts. The trial court held a sentencing hearing, and sentenced appellant to the maximum term of five years on each of the two counts, with the sentences to be served consecutively. The trial court also adjudicated appellant a sexual predator.
 {¶ 4} Appellant filed this appeal, alleging a single assignment of error:
 The trial court abused its discretion when it sentenced appellant to maximum consecutive sentences without considering all statutory factors.
 {¶ 5} Appellant argues that the trial court failed to consider R.C.2929.11 and 2929.12 before imposing sentence. R.C. 2929.11 provides that a trial court sentencing an offender for a felony offense must be guided by the two purposes of felony sentencing: (1) protecting the public from future crime by the offender and others, and (2) punishing the offender. The statute further provides that a felony sentence must be reasonably calculated to serve these purposes, "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). R.C. 2929.12 sets forth a list of factors relating to the offender's conduct and to the *Page 3 
likelihood that an offender will commit future crimes. The trial court imposing sentence in a felony case is required to consider these factors, as well as any other relevant factors, in exercising its discretion to fashion a sentence that will most effectively comply with the purposes of sentencing.
 {¶ 6} An appellate court may not disturb a trial court's sentencing determination absent clear and convincing evidence that either the record does not support the sentence, or the sentence is contrary to law. State v. Webb, Franklin App. No. 06AP-147, 2006-Ohio-4462. This continues to be the standard of review even after the Ohio Supreme Court's decision finding portions of Ohio's sentencing statutes unconstitutional in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470. "In applying the clear and convincing as contrary to law standard, we would `look to the record to determine whether the sentencing court considered and properly applied the [non-excised] statutory guidelines and whether the sentence is otherwise contrary to law.'" State v. Burton, Franklin App. No. 06AP-690, 2007-Ohio-1941, at ¶ 19, quoting State v. Vickroy, Hocking App. No. 06CA4, 2006-Ohio-5461, at ¶ 16.
 {¶ 7} In this case, the trial court's judgment entry specifically states that the court considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors set forth in R.C. 2929.12. We have held that the use of such language in a sentencing entry is sufficient by itself to overcome a defendant's claim that the trial court did not consider the two statutes. State v.Todd, Franklin App. No. 06AP-1208, 2007-Ohio-4307.
 {¶ 8} Based on our review of the record, we cannot say that the trial court failed to consider or properly apply the statutory guidelines, nor is there anything in the record to *Page 4 
suggest that appellant's sentence was otherwise contrary to law. Consequently, we overrule appellant's assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 McGRATH and TYACK, JJ., concur. *Page 1