OPINION
{¶ 1} Defendant-appellant, Patricia A. Hayes, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas. Because the trial court improperly ordered restitution, we affirm in part and reverse in part and remand the matter to the trial court for further proceedings consistent with this opinion.
 {¶ 2} On August 24, 2007, a Franklin County Grand Jury indicted appellant with one count of burglary in violation of R.C. 2911.12. The charge arose from appellant's *Page 2 
involvement in a home invasion. According to the prosecutor's recitation of the facts, appellant and three other people broke into the home while a 17-year-old girl was inside the house. The girl hid in a bedroom closet and called 911 as the intruders ransacked the house. The intruders made their way to the bedroom and found the girl in the closet. Appellant got on the phone and tried to convince the 911 operator that she was the girl's mother so that the police would not respond to the call. The police responded to the call anyway. Upon their arrival, appellant again tried to convince the police that she was the girl's mother and that everything was fine. Ultimately, the girl's parents came home, and the police arrested appellant and the other intruders.
 {¶ 3} Appellant initially entered a not guilty plea to the charge but subsequently withdrew that plea and pled guilty to one count of burglary. The trial court accepted her guilty plea and found her guilty. After hearing from appellant and the girl's mother, the trial court sentenced appellant to a maximum prison term of eight years, to be served consecutively to prison terms imposed in other cases. The trial court characterized appellant's conduct as "an absolutely horrible offense" and noted the severe impact the offense had on the girl who was the principal victim. The trial court also ordered appellant to pay $700 in restitution to the victim's family and $452.50 in court costs.
 {¶ 4} Appellant appeals and assigns the following errors:
 First Assignment of Error: Ms. Hayes was denied the effective assistance of counsel as guaranteed by Sixth Amendment to the United States Constitution, and Article I, Section 10 of the Ohio Constitution when trial counsel failed to advocate on Ms. Hayes's behalf at her sentencing hearing and failed to object to the imposition of a maximum, consecutive sentence by the trial court.
 Second Assignment of Error: The trial court erred by imposing a sentence that was contrary to law. *Page 3 
 {¶ 5} For ease of analysis, we address appellant's assignments of error in reverse order. Appellant contends in her second assignment of error that the trial court's sentence was contrary to law.
 {¶ 6} Pursuant to R.C. 2953.08(G), an appellate court may modify a sentence or remand for resentencing if the appellate court clearly and convincingly finds: (1) the record does not support the sentence, or; (2) the sentence is contrary to law. State v. Webb, Franklin App. No. 06AP-147, 2006-Ohio-4462, at ¶ 11, citing State v. Maxwell, Franklin App. No. 02AP-1271, 2004-Ohio-5660; State v. Burton, Franklin App. No. 06AP-690, 2007-Ohio-1941, at ¶ 9. "In applying the clear and convincing as contrary to law standard, we would `look to the record to determine whether the sentencing court considered and properly applied the [non-excised] statutory guidelines and whether the sentence is otherwise contrary to law.'" Id., at ¶ 19, quoting State v. Vickroy, Hocking App. No. 06CA4, 2006-Ohio-5461, at ¶ 15.
 {¶ 7} Appellant first argues that her sentence was contrary to law because it was inconsistent with and disproportionate to the sentences imposed on the other people involved in the same offense. She alleges that two others involved in the home invasion received a six-year prison term and a five-year prison term while she received an eight-year prison term.
 {¶ 8} Pursuant to R.C. 2929.11(B), a felony sentence shall be "consistent with the sentences imposed for similar crimes committed by similar offenders." "`Consistency, however, does not necessarily mean uniformity. Instead, consistency aims at similar sentences. Accordingly, consistency accepts divergence within a range of sentences and takes into consideration a trial court's discretion to weigh relevant statutory factors. * * * *Page 4 
Although offenses may be similar, distinguishing factors may justify dissimilar sentences.'" State v. Battle, Franklin App. No. 06AP-863,2007-Ohio-1845, at ¶ 24, quoting State v. King, Muskingum App. No. CT06-0020. 2006-Ohio-6566, at ¶ 23.
 {¶ 9} Therefore, a consistent sentence is not derived from a case by case comparison; rather, the trial court's proper application of the statutory sentencing guidelines ensures consistency. State v. Hall, Franklin App. No. 08AP-167, 2008-Ohio-6228, at ¶ 10. Indeed, appellate courts have rejected consistency claims where one person involved in an offense is punished more severely than another involved in the same offense. See id. at ¶ 7-11; State v. Ashley, Lake App. No. 2006-L-134,2007-Ohio-690, at ¶ 28-29. Additionally, we note there is no requirement that co-defendants receive equal sentences. Hall, at ¶ 10, citingState v. Templeton, Richland App. No. 2006-CA-33, 2007-Ohio-1148, at ¶ 98; State v. Brewer, Ashtabula App. No. 2008-A-0005, 2008-Ohio-3894, at ¶ 19.
 {¶ 10} Accordingly, in order to demonstrate that a sentence is inconsistent, a defendant cannot simply present other cases in which a person convicted of the same offense received a lesser sentence.Battle, at ¶ 23. Rather, a defendant claiming inconsistent sentencing must show that the trial court failed to properly consider the statutory sentencing factors and guidelines found in R.C. 2929.11 and 2929.12.State v. Holloman, Franklin App. No. 07AP-875, 2008-Ohio-2650, at ¶ 19. Appellant fails to meet this burden.
 {¶ 11} In its sentencing entry, the trial court stated that it "considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12" and "weighed the factors as set forth in the applicable provisions of *Page 5 
R.C. 2929.13 and 2929.14." Such a notation in the trial court's sentencing entry is sufficient to satisfy the consistency requirement in R.C. 2929.11(B). State v. Todd, Franklin App. No. 06AP-1208, 2007-Ohio-4307, at ¶ 16, citing State v. Daniel, Franklin App. No. 05AP-564,2006-Ohio-4627, at ¶ 50. See, also, Battle, at ¶ 26.
 {¶ 12} Additionally, the sentence is supported by the facts presented here. Appellant and three other people forced their way into the house. The intruders discovered a 17-year-old girl hiding in a closet. Appellant, posing as the girl's mother, attempted to convince the 911 operator not to send officers to the house. The girl's mother testified about the psychological harm that her daughter continues to suffer from as a result of the home invasion. Finally, appellant committed this offense while awaiting sentencing in another case. The trial court's imposition of the maximum prison sentence in this case is supported by the evidence and is not otherwise contrary to law.
 {¶ 13} Appellant also argues that her sentence was contrary to law because the trial court ordered her to pay restitution and court costs without first considering her present and future ability to pay those awards. In part, we agree.
 {¶ 14} R.C. 2929.19(B)(6) requires a sentencing court, before imposing a financial sanction pursuant to R.C. 2929.18 or a fine pursuant to R.C. 2929.32, to consider the offender's present and future ability to pay the amount of such financial sanction or fine. Restitution is a financial sanction imposed pursuant to R.C. 2929.18. Therefore, the trial court had to consider appellant's present and future ability to pay the financial sanction before imposing such sanction. When determining an offender's present and future ability to pay, there are no express factors which must be considered, or specific findings which must be made. State v. Conway, Franklin App. No. 03AP-1120,2004-Ohio-5067, *Page 6 
at ¶ 7, citing State v. Finkes (Mar. 28, 2002), Franklin App. No. 01AP-310. A trial court need not even hold a hearing to determine the offender's ability to pay. Id. However, there must be some evidence in the record that the trial court considered defendant's present and future ability to pay the sanction. Id., citing State v. Fuller, Lucas App. No. L-02-1387, 2004-Ohio-2675, at ¶ 8; State v. Loving, Franklin App. No. 08AP-278, 2009-Ohio-15, at ¶ 9.
 {¶ 15} Here, there is no evidence in the record to indicate that the trial court considered appellant's present and future ability to pay the restitution amount. The trial court sentenced appellant without the benefit of a pre-sentence investigation which may have contained information regarding appellant's employment. See Conway at ¶ 10 (noting that appellate courts presume consideration of ability to pay when trial court considers PSI). The trial court also did not question appellant about her employment or financial condition, and appellant did not provide such information to the trial court. Id. at ¶ 9. Finally, the trial court's sentencing entry does not indicate that it considered appellant's ability to pay. State v. Cosme, Cuyahoga App. No. 90075,2008-Ohio-2811, at ¶ 39.
 {¶ 16} This court has noted that an order of restitution that is substantially less than the estimated loss may indicate that the trial court considered the defendant's ability to pay. Conway, at ¶ 8. Although the trial court here ordered appellant to pay restitution in an amount less than the total amount of damage, the state requested the lesser amount of restitution because the damages were split between all of the perpetrators involved in the home invasion. Therefore, in the present matter, this fact does not indicate the trial court considered appellant's ability to pay restitution. *Page 7 
 {¶ 17} Because the record does not contain any evidence that the trial court considered appellant's present or future ability to pay restitution, that portion of the trial court's sentence is contrary to law. See State v. Ayers, Greene App. No. 2004CA0034, 2005-Ohio-44, at ¶ 24-26; State v. Kuhn, Lucas App. No. L-02-1141, 2003-Ohio-3099, at ¶ 17 (Lanzinger, J., concurring) (noting that silent record is insufficient to show that trial court considered offender's ability to pay).
 {¶ 18} However, the trial court's imposition of court costs was not contrary to law. Court costs are imposed pursuant to R.C. 2947.23. Therefore, the trial court did not need to comply with R.C. 2929.19(B)(6) before it imposed court costs in this case. See State v.Hartsell, Lucas App. No. L-03-1039, 2004-Ohio-1331, at ¶ 7 (trial court not required to determine offender's ability to pay before ordering him to pay costs); State v. Alexander, Franklin App. No. 05AP-192, 2006-Ohio-1298, at ¶ 23 (rejecting claim that trial court erred by assessing costs without first considering ability to pay).
 {¶ 19} Therefore, we sustain appellant's second assignment of error to the extent it challenges the order of restitution, but we overrule the remainder of appellant's second assignment of error.
 {¶ 20} Appellant contends in her first assignment of error that she received ineffective assistance of counsel. We disagree.
 {¶ 21} In order to prevail on an ineffective assistance of counsel claim, appellant must meet the two-prong test enunciated inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052; accordState v. Bradley (1989), 42 Ohio St.3d 136, certiorari denied (1990),497 U.S. 1011, 110 S.Ct. 3258. Initially, appellant must show that counsel's performance was deficient. To meet that requirement, appellant must show counsel's *Page 8 
error was so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Appellant may prove counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 690.
 {¶ 22} In analyzing the first prong of Strickland, there is a strong presumption that defense counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 689. Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id., citing Michel v.Louisiana (1955), 350 U.S. 91, 101, 76 S.Ct. 158.
 {¶ 23} If appellant successfully proves that counsel's assistance was ineffective, the second prong of the Strickland test requires appellant to prove prejudice in order to prevail. Id. at 692. To meet that prong, appellant must show counsel's errors were so serious as to deprive him of a fair trial, a trial whose result is reliable. Id. at 687. Appellant would meet this standard with a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 {¶ 24} Appellant contends that her counsel was ineffective for failing to: (1) negotiate an agreed or recommended sentence from the state; (2) prepare for sentencing; (3) advocate for her at sentencing, and (4) object to her maximum and consecutive sentences. *Page 9 
 {¶ 25} There is no evidence in the record indicating why appellant's counsel was unable to negotiate an agreed or recommended sentence with the state. Appellant does not point to any evidence in the record that relates to sentencing negotiations. It is possible that the prosecutor was unwilling to negotiate with appellant's counsel. In the absence of evidence in the record, appellant has not demonstrated that trial counsel acted deficiently by failing to negotiate an agreed or recommended sentence.
 {¶ 26} Appellant also cannot demonstrate prejudice from the failure to negotiate an agreed or recommended sentence, because a trial court is not restricted by a sentencing recommendation. State v. Zamora, Paulding App. No. 11-07-04, 2007-Ohio-6973, at ¶ 19; State v. McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162, at ¶ 24; State v. Lamson, Muskingum App. No. CT06-0064, 2007-Ohio-3098, at ¶ 8. Therefore, even if trial counsel and the prosecutor could have agreed on a recommended sentence, the trial court was not required to accept that recommendation.
 {¶ 27} Appellant also contends that trial counsel was ineffective in handling her sentencing hearing. Again, we disagree.
 {¶ 28} Although appellant's trial counsel said very little during the sentencing hearing, trial counsel could have made a legitimate strategic decision to allow appellant to directly address the trial court. Moreover, the transcript of the sentencing hearing indicates that appellant wanted to speak directly to the trial court. Allowing appellant to speak directly to the trial court does not demonstrate ineffective assistance of counsel.
 {¶ 29} In addition, even if trial counsel was deficient for failing to prepare for sentencing, to advocate for her at sentencing, and to object to her maximum and consecutive sentence, appellant has not demonstrated that she was prejudiced as a *Page 10 
result. State v. Dooley, Cuyahoga App. No. 84206, 2005-Ohio-628, at ¶ 49. Although appellant contends her trial counsel could have presented evidence in mitigation, she does not identify what that evidence would have been. Appellant fails to identify any reason why the trial court would have imposed a lesser sentence even if her trial counsel had done what appellant now contends should have been done.
 {¶ 30} Finally, the record indicates that the trial court properly considered the appropriate statutory sentencing guidelines and factors prior to imposing appellant's sentence. Appellant's sentence is within the range permitted by statute, and is supported by the evidence. Thus, any objection counsel might have made to the sentence would likely have been denied.
 {¶ 31} Accordingly, we overrule appellant's first assignment of error.
 {¶ 32} In conclusion, we overrule appellant's first assignment of error, and we sustain in part and overrule in part her second assignment of error. Accordingly, we affirm in part and reverse in part the judgment of the Franklin County Court of Common Pleas. We remand the matter for the trial court to reexamine the issue of restitution in accordance with law and this opinion.
Judgment affirmed in part, reversed in part; and cause remanded withinstructions.
FRENCH, P.J., and McGRATH, J., concur. *Page 1