DECISION
{¶ 1} Defendant-appellant, Darryl W. Burkes, Jr., appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty, pursuant to no contest plea, of one count of aggravated burglary in violation of R.C. 2911.11, two counts of aggravated robbery in violation of R.C. 2911.01, two counts of robbery, a second-degree felony in violation of R.C. 2911.02, two counts of robbery, a third-degree felony in violation of R.C. 2911.02, and three counts of kidnapping in violation of R.C. 2905.01, each with a firearm *Page 2 
specification. Because (1) the trial court did not err in sentencing defendant to a longer period of incarceration than that imposed on his co-defendant, and (2) the trial court's consecutive sentences are consistent with State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, we affirm.
I. Procedural History {¶ 2} By indictment filed October 4, 2007, defendant was charged with one count of aggravated burglary, two counts of aggravated robbery, two counts of robbery as a second-degree felony, two counts of robbery as a third-degree felony, and three counts of kidnapping. All the charges arose out of a home invasion on September 24, 2007 at 2695 Brownfield Drive. Although defendant initially entered a not guilty plea to all of the charges, defendant appeared before the trial court on August 18, 2008 with the intention of changing his plea.
 {¶ 3} Prior to the plea proceedings, the prosecution met with defendant and hoped "to resolve this case with a plea agreement in which" the prosecution and defendant "would issue a joint recommendation to this court" and the prosecution "could use [defendant's] testimony against other individuals as * * * with his codefendant." (Sept. 9, 2008 Tr. 22.) Because the state sought 13 years in the jointly-recommended sentence, defendant refused to plead guilty. Instead, defendant entered a no contest plea to all of the counts of the indictment with the intention of persuading the trial court that a sentence of less than 13 years would be appropriate for his conduct. As part of its extensive questioning to determine if defendant, represented by counsel, was entering his plea knowingly, intelligently and voluntarily, the trial court received the prosecution's statement of the facts to support the plea. *Page 3 
 {¶ 4} According to the prosecution, Beatrice McClary was at her residence at 2695 Brownfield Drive on September 24, 2007 with her daughter, Stephanie Burgess, and her daughter's two young children. McClary awakened to someone in her room, an individual later identified as defendant, who pointed a handgun at her and told her to give him the money and drugs. She told defendant she had only about $40 in her purse. Defendant responded that he needed more money than that and she should give him the drugs. She advised that no drugs were in the house.
 {¶ 5} At that point, defendant told his accomplice to see if anyone else was in the residence. The accomplice located McClary's daughter, who was asleep, and forced her to come down the hall to her mother's room. Again, defendant demanded money and drugs. Defendant and his accomplice then herded the two women into the bathroom at gun point. When the women informed the intruders they had no additional property, defendant went to the bedroom of McClary's daughter and "grabbed her two-year-old son, put the gun to the head of the two-year-old son and indicated that he would shoot the little, expletive, if she didn't tell him where the money and drugs were." (Aug. 18, 2008 Tr. 13.)
 {¶ 6} In the end, defendant and his accomplice took "ATM credit cards, ATM cards, credit cards, and firearms from the residence, and they fled at that time." (Tr. 13.) After police arrived, the crime scene was processed and latent fingerprint evidence was gathered from the point of entry of the residence. With that information, warrants were issued, defendant was arrested, and he confessed to the incident. The trial court scheduled sentencing for September 9, 2008. *Page 4 
 {¶ 7} At the sentencing hearing, the trial court allowed the prosecution, defense counsel, defendant, and the victims to speak prior to sentencing. The trial court then noted the seriousness of the offenses at issue, acknowledged Stephanie Burgess' request that defendant not go to prison for the rest of his life, and recognized that "sending you to prison and writing you off now forever is not the right thing to do." (Sept. 9, 2008 Tr. 29.) Nonetheless, the court determined the community needed to be protected from defendant for a long time, so the court sentenced defendant to six years for the aggravated burglary count, four years for one count of aggravated robbery, and four years for the other count of aggravated robbery, all to be served consecutively. Recognizing the four robbery counts merged into the aggravated robbery counts, the trial court imposed no sentence on any of the robbery counts. The court then sentenced defendant to six years on one kidnapping count, four years on the second, and four years on the third, all to be served consecutively. The trial court stated the sentences imposed on the kidnapping charges would be served consecutively to each other but concurrently to the sentences imposed for the aggravated burglary and aggravated robbery counts, with three additional years for the firearm specification. The court, in effect, imposed a sentence of 17 years out of a possible 63 years.
 {¶ 8} Defendant appeals, assigning five errors:
 ASSIGNMENT OF ERROR NUMBER ONE
 THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES BECAUSE THE ONLY STATUTORY AUTHORITY FOR IMPOSING CONSECUTIVE TERMS WAS HELD TO BE UNCONSTITUTIONAL IN STATE V. FOSTER (2006), 109 OHIO ST.3D 1. *Page 5 
 ASSIGNMENT OF ERROR NUMBER TWO
 THE OHIO SUPREME COURT IN STATE v. FOSTER, 109 OHIO ST.3d 1, 2006-OHIO-856, 845 N.E.2d 470, ERRONEOUSLY HELD THAT OHIO'S STATUTORY SCHEME, THAT REQUIRED JUDGES TO MAKE CERTAIN FINDINGS OF FACT BEFORE CONSECUTIVE SENTENCES COULD BE IMPOSED, WAS UNCONSTITUTIONAL AND THEREFORE COMMITTED ERROR WHEN IT RULED THAT THIS PORTION OF THE LAW WAS UNCONSTITUTIONAL AND HAD TO BE EXCISED. THE TRIAL COURT LIKEWISE COMMITTED ERROR WHEN IT FOLLOWED THIS UNCONSTITUTIONAL RULING.
 ASSIGNMENT OF ERROR NUMBER THREE
 TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO PROPERLY RAISE A CHALLENGE TO THE UNLAWFUL IMPOSITION OF CONSECUTIVE SENTENCES IN VIOLATION OF THE DEFENDANT'S FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 ASSIGNMENT OF ERROR NUMBER FOUR
 THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT IMPOSED CONSECUTIVE SENTENCES UPON THE DEFENDANT WITHOUT MAKING THE REQUIRED FINDINGS OF FACT.
 ASSIGNMENT OF ERROR NUMBER FIVE
 THE TRIAL COURT ERRED WHEN IT PENALIZED THE DEFENDANT BY IMPOSING AN EXTRA SEVEN YEARS OF IMPRISONMENT BECAUSE OF THE DEFENDANT'S EXERCISE OF HIS CONSTITUTIONAL RIGHTS AND BY IMPOSING A SENTENCE THAT WAS SEVEN YEARS LONGER THAN THE SENTENCE IMPOSED UPON THE CO-DEFENDANT IN VIOLATION OF THE COURT'S OBLIGATION TO SENTENCE UNIFORMLY AND FAIRLY.
For ease of discussion, we address the assignments of error out of order. *Page 6 
II. Fifth Assignment of Error {¶ 9} Defendant's fifth assignment of error contends the trial court erred in imposing a greater sentence on defendant than on his co-defendant, who received a sentence of ten years.
 {¶ 10} "R.C. 2953.08(G) allows an appellate court to modify a sentence or remand for resentencing if the court `clearly and convincingly finds' that (1) the record does not support the sentence, or (2) `the sentence is otherwise contrary to law.'" State v. O'Keefe, 10th Dist. No. 08AP-724, 2009-Ohio-1563, ¶ 39, citing R.C. 2953.08(G)(2)(a) and (b) andState v. Burton, 10th Dist. No. 06AP-690, 2007-Ohio-1941. "In applying this standard, we will look to the record to determine whether the trial court considered and properly applied the appropriate statutory guidelines and whether the sentence is otherwise contrary to law." Id., quoting State v. Vickroy, 4th Dist. No. 06CA4, 2006-Ohio-5461, ¶ 15.
 {¶ 11} Pursuant to R.C. 2929.11(B), a felony sentence must be "consistent with sentences imposed for similar crimes committed by similar offenders." O'Keefe, at ¶ 40, quoting State v. Battle, 10th Dist. No. 06AP-863, 2007-Ohio-1845, ¶ 24, quoting State v. King, 5th Dist. No. CT06-0020, 2006-Ohio-6566, ¶ 23. "`Consistency, however, does not necessarily mean uniformity. Instead, consistency aims at similar sentences.'" Id. Thus, "consistency accepts divergence within a range of sentences and takes into consideration a trial court's discretion to weigh relevant statutory factors. * * * Although offenses may be similar, distinguishing factors may justify dissimilar sentences." Id.
 {¶ 12} As this court noted in State v. Hayes, 10th Dist. No. 08AP-233,2009-Ohio-1100, ¶ 9, consistency in sentencing is achieved through proper application of the statutory sentencing guidelines. See alsoO'Keefe, at ¶ 41. "In order to demonstrate that a *Page 7 
sentence is inconsistent, a defendant must show that the trial court did not properly consider the sentencing criteria prescribed by R.C. 2929.11
and 2929.12." Id., citing Hayes, at ¶ 10, citing State v. Holloman, 10th Dist. No. 07AP-875, 2008-Ohio-2650, ¶ 19. Simply noting that a co-defendant received a lesser sentence does not meet a defendant's burden. Id., citing Hayes, at ¶ 10.
 {¶ 13} The trial court's sentencing entry here specifically states the court "considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12." (Judgment Entry, 2.) The court further noted that it "weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and R.C. 2929.14" and that a prison term was mandatory. Such "statements by the trial court satisfy the consistency requirement in R.C. 2929.11(B)."O'Keefe, at ¶ 42, citing Hayes, at ¶ 11, citing State v. Todd, 10th Dist. No. 06AP-1208, 2007-Ohio-4307, ¶ 16.
 {¶ 14} Defendant nonetheless contends his sentence is contrary to law because the reasons the state offered to support a longer sentence for defendant are not valid. As defendant notes, the state posited only two reasons to justify the seven-year disparity between his sentence and the sentence imposed on his co-defendant: "(1) the refusal of defendant to accept the plea agreement offered him and (2) a claim by the state that the defendant's conduct was more culpable." (Defendant's brief, 18.) Defendant asserts neither justifies his sentence.
 {¶ 15} Under the first point, the state argued during the sentencing hearing that defendant's refusal to enter a guilty plea and cooperate in the state's efforts to locate any other accomplices in the home invasion hindered the state's ability to move forward with its investigation and prosecution. As a result, even though the state was prepared to *Page 8 
recommend a sentence of 13 years as part of a plea agreement, the state at the sentencing hearing urged the trial court to impose a minimum of 20 years so as not to demean the seriousness of the offense. In response, defendant contended his refusal to accept the state's plea agreement rendered him a better witness for the state in that he would not be subject to impeachment for having testified as part of a plea agreement.
 {¶ 16} We need not resolve the first point of defendant's contentions, as the trial court did not purport to rely on the no contest aspect of defendant's plea and the ramifications it posed to defendant's testifying in any future prosecutions. Instead, the trial court noted that although it sees "all kinds of awful cases in this court[,] * * * breaking into somebody's home, holding a gun to a child's head, terrorizing people, and leaving them with fear, some of which may last for a long time, perhaps for even the rest of their lives, is a simply horrible, unacceptable conduct, and it deserves very serious consequences." (Sept. 9, 2008 Tr. 28.) Because the trial court focused on the facts and offenses, not on the nature of defendant's plea, we do likewise.
 {¶ 17} A number of factors undermine defendant's contention that he should have a sentence consistent with that meted out to his co-defendant. Initially, defendant was convicted of all of the offenses in the indictment. The record does not disclose to what offenses his co-defendant pled. Because the sentences imposed on defendant and his co-defendant are directly related to the crimes for which each was convicted, the record's failure to disclose the crimes for which defendant's co-defendant was convicted seriously hinders our ability to fully explore defendant's consistency argument.
 {¶ 18} Even apart from that factor, however, the record supports the trial court's treating defendant differently than his co-defendant. According to the state's presentation *Page 9 
of the facts during the hearings before the trial court, the co-defendant acted considerably differently than did defendant. As the state explained, "[t]he women will indicate that [the co-defendant] was a calming influence." (Sept. 9, 2008 Tr. 23.) By contrast, defendant "was not. He picked up a two-year-old child, put a gun to his head, and threatened to blow the child's head off unless his demands were met." (Tr. 23.) The trial court rightly could focus on the aggravated nature of defendant's conduct in comparison to his co-defendant's actions when it assessed the appropriate sentence within the range provided under the applicable statute. O'Keefe, supra (finding inconsistency in sentences warranted where defendant's actions "were particularly violent," while those of his co-defendant were not); State v. Dunkle, 10th Dist. No. 08AP-370, 2009-Ohio-1549, ¶ 44 (finding the trial court properly could sentence the defendant to a greater sentence than that imposed on the co-defendant because defendant "not only encouraged [the co-defendant] to go back to where the victim had been initially beaten," but defendant "inflicted the fatal blows to the victim's head with [a] piece of timber").
 {¶ 19} Because the record supports the trial court's decision to differentiate in sentencing between the conduct of defendant and the conduct of his co-defendant, the trial court did not violate the provisions of R.C. 2929.11(B) requiring consistency in sentencing. Defendant's fifth assignment of error is overruled.
III. First, Second, Third, and Fourth Assignments of Error {¶ 20} Defendant's first, second, third, and fourth assignments of error are interrelated and we address them jointly. Together they assert the trial court lacked the statutory authority to impose consecutive sentences under the post-Foster statute. *Page 10 
 {¶ 21} Defendant acknowledges that Foster, binding on this court, resolves the arguments in defendant's first four assignments of error. In Foster, the Supreme Court of Ohio stated that R.C. 2929.14(E)(4) and2929.41(A), which required judicial findings of fact not proven to a jury beyond reasonable doubt or admitted by the defendant before the imposition of consecutive sentences, were unconstitutional.Foster, paragraph three of the syllabus. The court, however, severed those sections and concluded that post-severance "judicial fact-finding is not required before imposition of consecutive prison terms." Id. at paragraph four of the syllabus. As a result, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 22} Because Foster allows the trial court to impose consecutive sentences without fact finding, the trial court's sentencing comports with Foster. Moreover, because the trial court complied withFoster, counsel was not ineffective in failing to object to the trial court's sentence. State v. Strickland, 10th Dist. No. 06AP-1269,2008-Ohio-1104, ¶ 72 (finding no ineffective assistance of counsel where the court found no error for which counsel should have objected). Accordingly, defendant's first, second, third, and fourth assignments of error are overruled.
 {¶ 23} Having overruled each of defendant's five assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
BROWN and SADLER, JJ., concur. *Page 1