[Cite as *State v. Ferland*, 2013-Ohio-149.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                        :          CASE NO.   CA2011-11-026

    - vs -                                              :          O P I N I O N
                                                                          1/22/2013
                                                          :

DAWNE A. FERLAND,                          :

    Defendant-Appellant.                   :


CRIMINAL APPEAL FROM BROWN COUNTY MUNICIPAL COURT
Case No. TRD 1104406


Jessica A. Little, Brown County Prosecuting Attorney, Mary McMullen, 200 East Cherry Street, Georgetown, Ohio 45121, for plaintiff-appellee

Dawne A. Ferland, 10157 Cedarwood Drive, Union, KY 41091, defendant-appellant, pro se


**RINGLAND, J.**

{¶ 1}   Defendant-appellant, Dawne A. Ferland, appeals her conviction in the Brown County Municipal Court for speeding.  For the reasons stated below, we affirm.

{¶ 2}   On September 14, 2011, Trooper Lonnie Butler of the Ohio State Highway Patrol was traveling eastbound on State Route 32.  As Trooper Butler was driving, he observed appellant traveling at a high rate of speed.  Appellant was traveling in the opposite direction, going westbound on State Route 32.  Trooper Butler saw appellant's vehicle pulling

away quickly from another vehicle and estimated appellant to be traveling at 75 m.p.h. Trooper Butler then activated the K-55 radar unit in his vehicle. The radar unit displayed a speed of 74 m.p.h. for appellant's vehicle. Trooper Butler initiated a traffic stop and issued appellant a citation for speeding in violation of R.C. 4511.21(C).

{¶ 3} Appellant entered a plea of not guilty and a bench trial was held on October 7, 2011. Appellant appeared *pro se* during the trial. The trial court found appellant guilty of speeding. Appellant was fined $20 and ordered to pay court costs.

{¶ 4} Appellant appeals the trial court's entry, raising a sole assignment of error:

{¶ 5} THE TRIAL COURT ERRED BY FINDING THE APPELLANT [ ] GUILTY.[1]

{¶ 6} Appellant argues that her conviction was in error as the trial court improperly admitted the speed recorded by the radar. Appellant maintains that the trial court erred when it took judicial notice of the reliability of the K-55 radar and that there was insufficient evidence regarding the calibration of the radar and Trooper Butler's qualifications to operate the unit. Appellant also argues that her conviction was in error as the court improperly relied on Trooper Butler's visual estimation of her speed.

{¶ 7} We find it important to note that although appellant appeared without counsel, *pro se* litigants are held to the same standard as litigants who are represented by counsel. *Jones v. Nichols*, 12th Dist. No. CA2012-02-009, 2012-Ohio-4344, ¶ 23. Appellant did not make any objections at trial. Therefore, we will review all of appellant's arguments for plain error. *State v. Gellenbeck*, 12th Dist. No. CA2008-08-030, 2009-Ohio-1731, ¶ 27. Plain error does not exist unless it can be said that, but for the error, the outcome of the trial clearly would have been different. *State v. Palmer*, 12th Dist. No. CA2005-08-097, 2006-Ohio-2712,

---

1. In her brief, appellant's assignment of error stated "The Trial Court erred by finding the appellant *not* guilty." (Emphasis added.) As the trial court found appellant guilty of the speeding violation and as appellant's brief argues that her conviction was in error, we assume that appellant is challenging the finding of guilt.

¶ 6. Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *State v. Long*, 53 Ohio St.2d 91 (1978).

**{¶ 8}** A speeding conviction can be based on a radar unit's documentation of speed. In this case, moving radar was used to record appellant's speed. A person may not be convicted of speeding solely from a moving radar in the absence of (1) expert testimony with respect to the construction of the radar and its method of operation with respect to its ability to differentiate the speed of a vehicle approaching the moving patrol car from the opposite direction from the combined speed at which the two vehicles are moving toward each other; (2) evidence that the radar is in good condition for accurate work; and (3) evidence that the witness using the radar is one qualified for its use by training and experience. *Gellenbeck* at ¶ 23 citing *State v. Wilcox*, 40 Ohio App.2d 380 (10th Dist.1974).

**{¶ 9}** First, we will determine whether the evidence established the first prong of the test. A court may satisfy the first requirement by hearing expert testimony or by taking judicial notice of the reliability of the radar. *State v. Evertt*, 3rd Dist. No. 16-09-10, 2009-Ohio-6714, ¶ 6. It is well-established in this district that the K-55 radar is scientifically reliable. *Gellenbeck* at ¶ 25. In *Gellenbeck*, this court found that a speeding conviction was not against the manifest weight of the evidence where a radar recorded speed in excess of the speed limit and where the Trooper visually estimated the driver's speed to be over the speed limit. *Id.* at ¶ 30. In so holding, this court reasoned that the admission of the radar's results were not in error because although no expert testimony was taken regarding the construction and operation of the radar and the court did not take judicial notice, appellant waived this issue on appeal. *Id.* at ¶ 27. Additionally, this court reasoned that many jurisdictions have found that the radar used was reliable and the K-55 radar is well-established as reliable in the Twelfth District. *Id.* at ¶ 25-26.

{¶ 10} At trial, no expert testimony was presented regarding the reliability of the K-55 radar and the trial court did not verbally announce it was taking judicial notice of the reliability of the radar. While the court did not orally declare the reliability of the radar, in essence the court took judicial notice of the radar's reliability because it is well-established in this district that the K-55 radar is scientifically reliable. Additionally, appellant did not object to the admission of the radar recordings. Thus, we do not find the admission of the K-55 radar results constituted plain error.

{¶ 11} Next, we will determine if the evidence established the second prong, whether the radar was in good condition for accurate work. At trial, Trooper Butler testified that he checked the calibrations of the K-55 radar at the beginning and end of his shift and again at approximately 2:00 p.m. that day. He stated that during all these calibration checks, the radar unit appeared to be working correctly. Trooper Butler's first use of the radar following his 2:00 p.m. calibration check was on appellant's vehicle. Additionally, he stated that when he locked in the radar unit on appellant's vehicle, he checked the speed of his own vehicle on the radar. The radar accurately reported Trooper Butler's speed. Thus, we find that the evidence established that the radar was in proper working order for accurately measuring the speed of target vehicles.

{¶ 12} Lastly, we will determine whether the evidence established that Trooper Butler was qualified by training and experience to use the K-55 radar. This court has found that evidence showed that a police officer was qualified to operate a radar unit when the officer testified that he had been on the highway patrol force for seven years, and during that seven years he had received training on the operation of the radar. *State v. Boothby*, 12th Dist. No. 928, 1981 WL 5110. In so holding, we reasoned that, "[s]ince the officer had been with the State Highway Patrol on speed enforcement for seven years, it can be assumed * * * that he was qualified to read the speed displayed on the readout screen." *Id.* at *3. *See State v.*

*Mansour*, 12th Dist. No. CA2010-08-198, 2011-Ohio-4339, ¶ 19 (This district does not require introduction of documentary proof of certification of an officer's qualifications and training on a radar unit); *Gellenbeck*, 12th Dist. No. CA2008-08-030, 2009-Ohio-1731 at fn. 2 (No plain error where appellant failed to object to trooper's qualifications to operate radar unit).

{¶ 13} We find that the trial court did not commit plain error by finding that Trooper Butler was qualified to use the K-55 radar. At trial, Trooper Butler testified that he has been employed with the Ohio State Highway Patrol since 2005. He stated that he attended the Ohio State Highway Patrol Academy prior to becoming a state trooper. He stated that his job responsibilities are to handle crashes and enforce the laws on the roadway. Trooper Butler also testified that he knows how to check the calibration of the radar unit and checked it several times that day. As part of Trooper Butler's duties to enforce laws on the roadway, which contain large numbers of speeding violations that are recorded by radar, Trooper Butler assumedly has had significant experience with reading radars in his six years with the Highway Patrol. Because appellant did not object to Trooper Butler's qualifications regarding the radar and because Trooper Butler's testimony established that he was familiar with the radar equipment, we find that the trial court did not commit plain error by finding that Trooper Butler was qualified to use the K-55 radar.

{¶ 14} The K-55 radar's recording of appellant's speed was admissible. The K-55 radar unit showed appellant exceeding the speed limit when she traveled at 74 m.p.h. in a 60 m.p.h. zone. As the radar unit's recording of appellant speed is sufficient to support appellant's conviction, we do not need to discuss whether the court erred in relying on Trooper Butler's visual estimation of speed to support appellant's conviction.

{¶ 15} Additionally, we note that appellant admitted to violating the speed limit on cross-examination. On cross-examination, appellant stated, "[w]hen I saw the officer was coming the opposite side from me, and I saw him going by, so I just naturally kind of looked

down. And I saw that [my vehicle] had sped up. I think it was at 61 or 62." *See State v. Wells*, 12th Dist. No. CA95-03-046 (Dec. 18, 1995) (Appellant's speeding conviction was not against manifest weight of evidence where an officer recorded appellant speeding and appellant admitted under oath that he had been driving in excess of the speed limit). *See State v. Shew*, 12th Dist. No. CA83-04-022 (Dec. 30, 1983) (Appellant admitted to speeding 1 or 2 over the speed limit).

{¶ 16} Therefore, we find that the trial court did not commit plain error by finding appellant guilty of speeding in violation of R.C. 4511.21(C). Appellant's sole assignment of error is overruled.

{¶ 17} Judgment affirmed.


HENDRICKSON, P.J., and BRESSLER, J., concur.


Bressler, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.