[Cite as *State v. Allen*, 2018-Ohio-305.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 17AP-341 |
| v. | : | (C.P.C. No. 11CR-2601) |
| Chiclelyn Allen, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on January 25, 2018

**On brief:** *Michael DeWine*, Attorney General, and *Joseph A. Koltak*, for appellee. **Argued:** *Joseph A. Koltak*.

**On brief:** *Yeura R. Venters*, Public Defender, and *Robert D. Essex*, for appellant. **Argued:** *Robert D. Essex*.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Chiclelyn Allen, appeals from a judgment entry of conviction and sentence entered by the Franklin County Court of Common Pleas. Because the trial court did not err when it revoked appellant's intervention in lieu of conviction plan, found appellant guilty pursuant to her plea, and sentenced her to community control with conditions, we affirm.

I. PROCEDURAL HISTORY

{¶ 2} On May 17, 2011, appellant was indicted on one count of theft (R.C. 2913.02(A)(B)), a fourth-degree felony. On December 23, 2011, appellant moved for

intervention in lieu of conviction pursuant to R.C. 2951.041. Appellant asserted that a gambling addiction was a major factor in the commission of the crime.

{¶ 3} Following a hearing on June 28, 2012, the trial court found appellant eligible for intervention in lieu, granted her motion, and stayed further prosecution. In an entry dated June 29, 2012, the trial court noted that appellant had voluntarily entered a guilty plea and had agreed to comply with all terms and conditions imposed by the court.[1] Although the record contains a form signed by the prosecutor and appellant's counsel indicating that restitution of $21,859.22 had been ordered, the trial court's June 29, 2012 entry for intervention in lieu of conviction did not list restitution as a condition of the intervention plan. However, the transcript of the June 28, 2012 hearing indicates that restitution in the approximate amount of $21,000 was discussed and appellant's counsel stated that appellant wanted $8,000 purportedly owed to her by the state to be paid toward reducing the restitution amount. (June 28, 2012 Tr. at 2-3.)

{¶ 4} Although the record does not indicate how the omission of restitution from the entry came to the trial court's attention, on May 12, 2015, the trial court filed an amended entry for intervention in lieu that is identical to June 29, 2012 entry except that it added a condition requiring "[t]he defendant shall pay restitution in the amount of $21,859.22 to Ohio Department of Job and Family Services, c/o Ohio Attorney General, 150 East Gay Street, Columbus, Ohio 43215."

{¶ 5} On January 24, 2016, the state filed a request for revocation of appellant's treatment in lieu plan based upon appellant's failure to make any restitution payments. The state alleged that appellant still owed restitution in the amount of $21,859.22. The trial court held a hearing on the motion for revocation on February 29, 2016. Trial counsel for appellant stipulated to probable cause based upon appellant's admitted failure to pay any restitution. However, appellant's counsel advised the court that appellant had secured employment and would be able to make payments towards the restitution requirement including a $300 payment that week. Appellant stated that she was employed in a four-year apprenticeship program with Labor Local 310 in Cleveland, Ohio, and was earning a minimum of $15.02 per hour. (Feb. 29, 2016 Tr. at 2-3.) At appellant's

---

[1] The transcript of the June 28, 2012 hearing reflects that appellant entered a guilty plea to the lesser-included offense of theft as a felony 5 pursuant to a notification of plea offer from the state. (June 28, 2012 Tr. at 5.)

request, the trial court continued the hearing to allow appellant the opportunity to show progress towards satisfying the restitution requirement.

{¶ 6} The matter came on for further hearing on April 13, 2017. The state requested the trial court to revoke the treatment in lieu plan and impose sentence. Appellant's counsel stipulated to probable cause for the revocation of the treatment in lieu plan. Appellant's counsel also stipulated that appellant had made no payments towards restitution. (Apr. 13, 2017 Tr. at 3.) Apparently, appellant had complied with all terms and conditions of the treatment in lieu plan except for the restitution requirement.

{¶ 7} By judgment entry filed April 13, 2017, the trial court revoked the treatment in lieu plan, found appellant guilty pursuant to the previous plea, and placed appellant on community control for two years with conditions, including the obligation to pay restitution.[2] The trial court further indicated that if appellant violated the terms of community control, she will receive a six-month prison term.

{¶ 8} Appellant appeals assigning the following error:

> The trial court committed reversible error by revoking Defendant-Appellant's treatment in lieu status, placing her on community control, and ordering her to pay restitution without holding a hearing to determine her ability to pay.

## II. LEGAL ANALYSIS

{¶ 9} Appellant makes two arguments in support of her assignment of error. First, appellant argues the trial court could not revoke the treatment in lieu plan based solely upon appellant's failure to pay restitution. Second, appellant argues the trial court erred when it placed appellant on community control and imposed conditions, including restitution, without holding a hearing and determining appellant's ability to pay. Both arguments are unpersuasive.

### A. REVOCATION OF INTERVENTION IN LIEU

{¶ 10} Intervention in lieu of conviction ("Intervention") is a voluntary program created by statute that allows a trial court, upon the request of the offender, to stay a

---

[2] The judgment entry reflects that appellant was convicted of theft, a felony of the fourth degree. As previously noted, it appears that during the June 20, 2012 hearing on appellant's request for Intervention, appellant pled guilty to theft, a felony of the fifth degree. Nevertheless, the sentence imposed by the trial court is authorized regardless of whether the conviction is a fourth or fifth-degree felony. Appellant has not challenged her conviction in this appeal.

criminal proceeding and order an offender to a period of rehabilitation if the offender meets specified eligibility requirements, which include the offender's guilty plea to the criminal offense. R.C. 2951.041(A) and (B). If the trial court finds the offender is eligible for Intervention and grants the offender's request, the court shall accept the offender's plea of guilty, stay the criminal proceeding, establish an intervention plan for the offender, and order the offender to comply with all terms and conditions imposed by the court. R.C. 2951.041(C) and (D). The terms and conditions imposed by the trial court may include restitution. R.C. 2951.041(D). If an offender complies with the terms and conditions and successfully completes the intervention plan, the trial court shall dismiss the criminal proceedings against the offender without an adjudication of guilt or criminal conviction. R.C. 2951.041(E). If the offender does not successfully complete the intervention plan or fails to comply with its terms and conditions, the trial court shall, after holding a hearing, enter a finding of guilty and shall impose an appropriate sanction under R.C. Chapter 2929. R.C. 2951.041(F).

{¶ 11} Here, following an indictment for theft, appellant requested Intervention. The trial court found appellant eligible and granted her request for Intervention. The trial court accepted appellant's guilty plea, established an intervention plan, and imposed certain terms and conditions. One of the conditions was restitution in the amount of $21,859.22. Appellant expressly agreed to the terms and conditions of the intervention plan as required by R.C. 2951.041(B)(9). At the time the trial court granted appellant's request for Intervention, appellant's counsel represented that appellant intended to apply $8,000 owed to her by the state of Ohio to her restitution obligation.

{¶ 12} Approximately eight months after the restitution condition was added to the entry for Intervention, the probation department moved to revoke appellant's intervention plan because she failed to make any payments towards restitution. The trial court held a hearing and appellant stipulated to probable cause. Appellant represented to the court that she was employed in an apprenticeship program that paid a minimum of $15.02 an hour. Appellant reiterated her intent to make restitution and requested a continuance of the hearing to give her additional time to demonstrate her willingness to comply with the terms of her intervention plan, including restitution. The trial court granted her request and continued the hearing.

{¶ 13} Approximately 14 months later, the trial court held a second revocation of Intervention hearing. Again, appellant stipulated to probable cause. Appellant also stipulated that she had not made any payments towards restitution. Nevertheless, appellant's counsel requested the trial court to find that appellant successfully completed the intervention plan. The trial court refused. Because of appellant's failure to comply with the restitution condition of the intervention plan, the trial court revoked Intervention, accepted appellant's guilty plea and imposed sentence as required by R.C. 2951.041(F).

{¶ 14} Appellant has cited no case authority holding that Intervention cannot be revoked for an offender's failure to satisfy a restitution condition without first determining the offender's ability to pay restitution. Nor have we found any case authority supporting that proposition. Moreover, such a proposition is inconsistent with the voluntary nature and purpose of Intervention.

{¶ 15} Appellant principally relies on cases that involve the revocation of probation for failure to pay restitution and the resulting imposition of a prison term.[3] These cases are inapplicable to the revocation of Intervention, which is a voluntary statutory rehabilitation program designed to give an offender the opportunity to address issues that contributed to the commission of the offense and to avoid a criminal conviction as long as the offender successfully completes the intervention plan and complies with its terms and conditions. In this case, appellant requested Intervention and expressly agreed to the restitution condition. R.C. 2951.041(D) expressly permitted the trial court to make restitution a condition of Intervention. Appellant had more than a reasonable opportunity to make some effort towards restitution. Although employed, appellant made no payments towards restitution. Due to the appellant's failure to comply with the restitution condition, the trial court was required to revoke Intervention, enter a finding of guilty pursuant to appellant's plea, and impose an appropriate sanction under R.C. Chapter 2929. R.C. 2951.041(F). The trial court complied with the requirements of R.C.

---

[3] E.g., *Bearden v. Georgia*, 461 U.S. 660 (1983) (revocation of probation); *State v. Scott*, 6 Ohio App.3d 39 (2d Dist.1982) (revocation of probation); *State v. Walden*, 54 Ohio App.3d 160 (2d Dist.1988) (revocation of probation); *Morrissey v. Brewer*, 408 U.S. 471 (1972) (revocation of parole or probation); *United States v. Reed*, 573 F.2d 1020 (8th Cir.1978) (revocation of probation); *Black v. Romano*, 471 U.S. 606 (1985) (revocation of probation).

2951.041 when it revoked appellant's Intervention.  Therefore, we reject appellant's argument that the trial court erred when it revoked Intervention.

### B.  RESTITUTION AS A CONDITION OF COMMUNITY CONTTROL

{¶ 16} Appellant also argues that the trial court erred when it imposed restitution as a condition of community control without determining appellant's ability to pay.  We disagree.

{¶ 17} First, the premise of appellant's argument is not supported by the record.  The judgment entry expressly states that the trial court considered appellant's present and future ability to pay the financial sanctions as required by R.C. 2929.18(A) and 2929.19(B)(5).  Second, the transcripts of the first revocation hearing and the subsequent sentencing hearing also reflect that appellant's present and future ability to pay was considered by the trial court.

{¶ 18} For example, appellant stated during the sentencing hearing that she was still owed $9,000 by the state that could be put towards restitution.  (Apr. 13, 2017 Tr. at 6.)  Appellant further stated she was currently employed in a labor apprenticeship program and had earned a number of certificates including asbestos, lead abatement, and culinary arts.  *Id.* at 7.  During the previous revocation hearing, appellant stated the four-year apprenticeship program in which she was enrolled paid her a minimum of $15.02 per hour.  (Feb. 29, 2016 Tr. at 3.)  Given this employment, her counsel also expressly represented to the trial court that appellant could make payments toward restitution.  *Id.* at 2.  However, 14 months after the first revocation hearing, appellant still had failed to make any payments towards restitution.  This failure bothered the trial court.

> THE COURT:  Okay.  You didn't make any attempt to make any of the restitution, ma'am, and that's one of the problems in this case.  And these folks work with people to make things easier, and you didn't make an effort.

(Apr. 13, 2017 Tr. at 8.)

{¶ 19} We also note that when determining a defendant's present and future ability to pay, there are no express factors that must be considered, or specific findings that must be made.  *State v. Conway*, 10th Dist. No. 03AP-1120, 2004-Ohio-5067, ¶ 7.  There merely must be some evidence in the record that the trial court considered the defendant's present and future ability to pay the sanction.  *Id.*  Here, there is ample

evidence in the record on which the trial court could rely in assessing appellant's present and future ability to pay restitution.  Again, the trial court's judgment entry reflects that the trial court considered appellant's present and future ability to pay restitution when it imposed restitution as a condition of community control.

{¶ 20} For these reasons, we overrule appellant's sole assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and SADLER, JJ., concur.

————————