[Cite as *State v. Hanson*, 2025-Ohio-1139.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-07-049 |
| | : | O P I N I O N |
| - vs - | | 3/31/2025 |
| | : | |
| JOHN W. HANSON III, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT
Case No. 2024TRD001009

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

John W. Hanson III, pro se.

**HENDRICKSON, P.J.**

{¶ 1} Appellant, John Hanson, was involved in an automobile accident at the intersection of North State Route 741 and West State Route 122. He was subsequently charged with failure to yield the right of way when turning left, in violation of R.C. 4511.42, a minor misdemeanor. The case proceeded to trial in the Warren County Court where Hanson was found guilty and fined $50. Hanson now appeals, presenting six assignments

of error for review.

**Hanson's Appeal and Six Assignments of Error**

{¶ 2} In his first assignment of error, Hanson argues the trial court erred by allowing his charge to be "changed" twice without proper notification. However, the record does not support this claim. Hanson was charged with and convicted of failure to yield the right of way when turning left, in violation of R.C. 4511.42. There is no indication in the record that this charge was ever altered. Accordingly, Hanson's first assignment of error is overruled.

{¶ 3} In his remaining assignments of error, Hanson raises several issues regarding the trial proceedings. He asserts that the court mishandled "the investigation and evidence collection process," and "shielded a reckless driver from fully testifying about his actions." Hanson further contends that the trial court started the proceedings late, caused significant procedural errors by ruling on his pretrial motions the day of trial, undermined his right to self-representation, and failed to investigate the behavior of the other driver, including for potential impairment.

{¶ 4} However, Hanson did not provide this court with a transcript of the proceedings necessary for this appeal. The duty to provide a transcript for appellate review falls upon the appealing party, as they bear the burden of showing error by referencing matters in the record. *State v. Williams*, 2013-Ohio-1387, ¶ 18 (12th Dist.). When portions of the transcript necessary for resolving assigned errors are omitted from the record, the reviewing court has nothing to evaluate and must presume the regularity or validity of the lower court's proceedings and affirm. *Id.* This holds true even though Hanson is appearing before this court pro se, as pro se litigants are held to the same standard as litigants who are represented by counsel. *State v. Ferland*, 2013-Ohio-149, ¶ 7 (12th Dist.).

{¶ 5} Without the transcript, we cannot determine the validity of Hanson's assertions.[1] Accordingly, we find Hanson's remaining five assignments of error to be without merit.

{¶ 6} Judgment affirmed.

M. POWELL and BYRNE, JJ., concur.

---

1. In addition, Hanson's arguments are undeveloped and conclusory, warranting no further consideration. App.R. 12(A); App.R. 16(A)(7). We also note that neither the trial court nor the state had any obligation to gather evidence or investigate on Hanson's behalf. *State v. Young*, 2021-Ohio-2541, ¶ 103 (12th Dist.). Furthermore, Hanson's arguments regarding the management of the trial court's docket and the supposed delay in the start of trial are without merit, as a trial court has the inherent authority to manage its own proceedings and control its own docket. *State v. Kuhn*, 2018-Ohio-4065, ¶ 30 (12th Dist.).