[Cite as *State v. Barone*, 2025-Ohio-1695.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-02-061 |
| | : | O P I N I O N AND |
| - vs - | | JUDGMENT ENTRY |
| | : | 5/12/2025 |
| GERALD MICHAEL BARONE, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT
Case No. 2021TRC001900

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Jeffrey C. Meadows, for appellant.

_____

**O P I N I O N**

_____

**HENDRICKSON, P.J.**

{¶ 1} Gerald Michael Barone appeals the judgment of the Warren County Court finding that he violated his probation. For the reasons set forth below, we affirm the trial court's judgment.

**I. Facts and Procedural Background**

{¶ 2} In November 2021, Barone was charged with two counts of operating a

vehicle while under the influence of alcohol ("OVI") and one count of driving in marked lanes. On April 26, 2022, Barone pleaded guilty to one count of OVI, and the remaining charges were dismissed. The trial court sentenced Barone to 180 days in jail with 170 days suspended, suspended his driver's license for two years, and imposed a two-year period of basic probation—until April 26, 2024.

{¶ 3} On January 19, 2023, about nine months into his probation, Barone met with his probation officer who gave him a document that indicated his probation would terminate on April 26, 2023. The document stated: "PROBATION ENDS 04/26/23. CALL IF ANY CHANGES." This termination date was erroneous: it was one year earlier than the two-year probation period originally imposed by the trial court.

{¶ 4} On April 5, 2024—approximately one year after the erroneous termination date but before the actual expiration of the two-year probation period—Barone was charged in municipal court with new offenses of OVI and refusal to submit to a chemical test. He was subsequently convicted of OVI. On April 15, 2024, Barone's probation officer filed a probation-violation report alleging that Barone had violated conditions of his probation by (1) committing new criminal offenses, (2) failing to notify his probation officer of the new charges, and (3) failing to submit to a breathalyzer test.

{¶ 5} On May 28, 2024, Barone filed a motion to terminate his probation, asserting that he had relied in good faith on the document provided by his probation officer indicating that his probation terminated on April 26, 2023. At the final probation violation hearing on August 15, 2024, Barone pleaded no contest to violating the condition of probation requiring him to refrain from committing criminal offenses. Barone acknowledged that the original sentencing entry set forth a two-year period of probation and that, technically, he was still on probation when he committed the new offenses. But Barone argued that he had a good faith belief that his probation had ended based on the

document from his probation officer and that the document created a "de facto termination" of his probation.

**{¶ 6}** The trial court found Barone guilty of violating his probation by committing a new criminal offense. The court recognized the probation officer's error but determined that it would only mitigate the violations for failing to inform the probation officer of the new charges and failing to submit to a breathalyzer test—not for committing a new criminal offense. The court sentenced Barone to 20 days in jail with work release and ordered that his probation terminate upon completion of the jail term. The court stayed execution of the jail term pending appeal.

## II. Analysis

**{¶ 7}** Barone presents a single assignment of error:

THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT VIOLATED PROBATION/COMMUNITY CONTROL.

**{¶ 8}** A trial court's decision finding a defendant in violation of community control will not be disturbed on appeal absent an abuse of discretion. *State v. Kincer*, 2006-Ohio-2249, ¶ 5 (12th Dist.). An abuse of discretion implies more than an error of law or judgment; it suggests that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Under this deferential standard, an appellate court may not substitute its judgment for that of the trial court. *State v. Edwards*, 2023-Ohio-2632, ¶ 34 (12th Dist.).

**{¶ 9}** Barone argues that because he was given notice of termination of his probation by the probation department itself, there was a "de facto termination" in April 2023, and the rules of probation no longer applied to him after that date. Barone contends that the trial court abused its discretion by finding him guilty of violating probation for conduct that occurred after he had been informed by the probation department that his

probation had terminated. Barone further argues that principles of fundamental fairness dictate that the trial court's decision should be reversed.

{¶ 10} In response, the State argues that the trial court did not abuse its discretion in finding that Barone violated his probation by committing new offenses. The State emphasizes that the court's original sentencing entry ordered a two-year term of probation, and Barone did not receive any official court document, signed by a judge, terminating his probation early. The State contends that, absent such an official entry, Barone remained subject to the conditions of probation until April 26, 2024, including the requirement that he not commit additional offenses.

{¶ 11} When imposing community-control sanctions, like probation, for a misdemeanor offense, a sentencing court retains jurisdiction over the offender for the duration of the period of community control. R.C. 2929.25(B). A requirement that the offender "abide by the law" is a mandatory condition of any community-control sanction. R.C. 2929.25(C)(2). If a defendant violates a condition of community control, the sentencing court may impose upon the violator one or more penalties, including a jail term. R.C. 2929.25(D)(2).

{¶ 12} The Ohio Supreme Court has held that a trial court "loses jurisdiction" to impose a sentence if "the state fails to initiate probation violation proceedings during the original probation period." *State v. Yates*, 58 Ohio St.3d 78, 80 (1991). Similarly, the Sixth District Court of Appeals has stated that "when the State fails to initiate community control violation proceedings during the original term of community control, the trial court loses its jurisdiction to extend that sanction." *State v. Fairbank*, 2006-Ohio-6180, ¶ 11 (6th Dist.). But these jurisdictional limitations are predicated on the expiration of the originally imposed term of community control. The question presented in this case is whether an erroneous notice from a probation officer can effectively terminate probation before the

expiration of the court-ordered term.

{¶ 13} Barone's reference to the concept of "de facto termination" finds no support in Ohio law. The cases cited by Barone regarding a court's loss of jurisdiction refer to situations where the state fails to initiate violation proceedings during the original probation period. A court's jurisdiction over a probationer cannot be terminated by implication or by a probation officer's mistake. Under R.C. 2929.25, the trial court—not the probation department—has the authority to place an offender on community control and to terminate community control. While a probation officer serves as an officer of the court in supervising probationers, the officer does not have the power to modify the court's orders. The probation officer's clerical error indicating an earlier termination date cannot override the court's lawful judgment entry.

{¶ 14} We conclude that the trial court did not abuse its discretion in finding that Barone violated his probation. The trial court's original sentencing entry unequivocally imposed a two-year period of probation, which would not expire until April 26, 2024. Barone's probation officer filed the violation report on April 15, 2024, well within this two-year period, and the alleged violations occurred on April 5, 2024, also within the court-ordered probation period.

{¶ 15} The erroneous document provided by the probation department indicating that Barone's probation would terminate on April 26, 2023, did not operate to modify the court's original order. Only a court has the authority to terminate a sentence early, and there was no court entry, signed by a judge, modifying or terminating Barone's probation before April 26, 2024.

{¶ 16} Moreover, we are not persuaded by Barone's "fundamental fairness" argument. While we acknowledge the confusion that may have resulted from the probation department's error, the requirement that Barone refrain from criminal activity—

specifically, not to drive while under the influence of alcohol—is a legal obligation that exists independent of his probation status. The trial court reasonably distinguished between violations that were directly related to Barone's probation status (failing to report new charges and refusing a breathalyzer test) and the commission of a new criminal offense. The court appropriately considered the probation officer's error as mitigating the former but not the latter.

{¶ 17} As we have previously recognized, there is no requirement that a defendant have acted purposely, deliberately, or willfully before the trial court can revoke community control. *State v. Kuhn*, 2018-Ohio-4065, ¶ 15 (12th Dist.). The commission of a new offense violates both the law itself and the conditions of probation requiring law-abiding behavior, regardless of whether Barone subjectively believed he was still on probation.

{¶ 18} The record demonstrates that the trial court carefully considered the circumstances, including the probation department's error. The court explicitly stated that it would have dismissed the violations related to reporting requirements but was "concerned with" the fact that Barone had been convicted of "a new charge of the exact same offense" for which he was originally placed on probation. This measured approach reflects a reasonable exercise of the court's discretion, not an arbitrary or unconscionable attitude.

{¶ 19} Barone's assignment of error is overruled.

### III. Conclusion

{¶ 20} Having overruled Barone's sole assignment of error, the trial court's judgment is affirmed.

BYRNE and SIEBERT, JJ. concur.

### **J U D G M E N T   E N T R Y**

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Warren County Court for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.


/s/ Robert A. Hendrickson, Presiding Judge


/s/ Matthew R. Byrne, Judge


/s/ Melena S. Siebert, Judge